UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN BAIER,** | : | CASE NO. 1:24-cv-276 |
| PLAINTIFF, | : | JUDGE HOPKINS |
| v. | : | |
| **COMMUNITY HOME HEALTH CARE, INC.,** | : | **PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND** |
| DEFENDANT. | : | |

COMES NOW Plaintiff Brian Baier ("Plaintiff"), by and through his undersigned legal counsel, and for his First Amended Complaint against Defendant Community Home Health Care, Inc. ("Defendant") alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Kentucky. He is a former employee of Defendant.

2. Defendant is a Domestic Corporation with its principal place of business located at 2301 South 3rd Street, Ironton, Ohio 45638.

3. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under 31 U.S.C. § 3730, *et seq*.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

5. Plaintiff was employed by Defendant as a Registered Nurse from May of 2023 until March 14, 2024.

1

6. During the course of his employment, Plaintiff became aware of fraudulent activities perpetrated by Defendant against government healthcare programs, including Medicare and Medicaid.

7. Specifically, Plaintiff witnessed Defendant (1) charging for services purportedly rendered by a registered nurse that were not in fact rendered by a registered nurse, (2) employees impersonating a registered nurse, and (3) employees knowingly allowing other employees to use their name and credentials to document and write orders for patients.

8. Plaintiff had a reasonable belief that these acts he observed were in violation of 31 U.S.C. § 3729(a)(1)(A), which prohibits knowingly presenting, or causing to be presented, false or fraudulent claims to the Federal government for payment or approval.

9. In accordance with Plaintiff's ethical and legal obligations, he reported these fraudulent activities internally to Defendant's management.

10. On or about February 22, 2024, Plaintiff verbally informed co-owner Becky Young about his suspicions that Defendant was knowingly submitting false claims to the government for reimbursement for services not rendered by a registered nurse.

11. On or about February 23, 2024, Plaintiff raised similar concerns with co-owner Tara Boggs about the potential fraud occurring within the organization.

12. On or about February 29, 2024, Plaintiff had a meeting with Tara Boggs, Becky Young, and Registered Nurse Laura Brown, in which he once again raised his concerns about the fraudulent activities he had observed.

13. Instead of addressing the issues raised in a lawful and appropriate manner, Defendant and other company officials engaged in retaliatory actions against Plaintiff.

14. The Defendant engaged in retaliatory conduct by permitting or promoting its staff to make derogatory remarks about the Plaintiff.

15. As a result, Plaintiff sent text messages to Ms. Boggs and Ms. Brown in which he asked them to refrain from speaking about him negatively and explained that he was legally protected from further retaliation. A true and accurate copy of the text messages is attached hereto and incorporated herein as **Exhibit A.**

16. However, on or about March 8, 2024, Plaintiff reported to work to find that his workstation had been moved without his knowledge or consent, which was in further retaliation for his opposition to Defendant's fraudulent practices.

17. On or about March 8, 2024, Plaintiff sent an email to his supervisors, Ms. Boggs, Ms. Young, and Ms. Brown, discussing, among other things, the continued retaliation he was experiencing. A true and accurate copy of the email is attached hereto and incorporated herein as **Exhibit B.**

18. Upon information and belief, Defendant failed to take appropriate action to remedy the fraudulent activities and continued to submit false claims for reimbursement to government healthcare programs.

19. On or about March 9, 2024, Plaintiff sent a detailed email to his supervisors, Ms. Boggs, Ms. Young, and Ms. Brown, outlining what he believed were the organization's criminal activities and expressing his concern regarding its continued inattention to these matters. A true and accurate copy of the email is attached hereto and incorporated herein as **Exhibit C.**

20. Plaintiff's email specifically stated that formal discipline needed to occur for those involved in "defrauding the government by charging for services that [were] not rendered by an RN."

21. Plaintiff named three individuals who he believed were actively engaging in fraudulent activities and encouraged additional investigation to ensure future compliance.

22. On or about March 9, 2024, Plaintiff sent a text message to Ms. Boggs, Ms. Young, and Ms. Brown in which he stated that if the issues he raised were not resolved in a timely manner, he would pursue additional action though channels such as the Community Health Accreditation Program, Ohio Board of Nursing, and the Equal Employment Opportunity Commission. A true and accurate copy of the text message is attached hereto and incorporated herein as **Exhibit D.**

23. On or about March 14, 2024, Plaintiff was terminated as a result of his protected activity.

24. This termination was in direct response to Plaintiff's whistleblowing activities, and constituted unlawful retaliation under the False Claims Act, as outlined below.

## CAUSES OF ACTION

### Count I: Retaliation under 31 U.S.C. § 3730, *et seq.*

25. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein.

26. 31 U.S.C. § 3729(a)(1)(A) of the False Claims Act ("FCA") prohibits knowingly presenting, or causing to be presented, false or fraudulent claims for payment or approval to the Federal government.

27. 31 U.S.C. §3730(h) prohibits retaliation against individuals who take lawful actions to uncover or report violations of the FCA.

4

28. Defendant terminated Plaintiff's employment in unlawful retaliation for his good faith reporting of actions he reasonably believed were in violation of the FCA.

29. As a result of Defendant's unlawful actions, Plaintiff has suffered, and will suffer, damages in the form of the loss of his employment, lost wages and benefits, humiliation, embarrassment, fear, anxiety, mental anguish, and emotional distress.

## COUNT II: Wrongful Termination in Violation of Public Policy

30. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

31. 31 U.S.C. §3730(h) contains a clear public policy prohibiting harassment and termination of an employee for taking efforts to stop violations of the FCA.

32. Plaintiff's discharge jeopardizes the aforesaid public policy.

33. Defendant lacked an overriding business justification for firing Plaintiff.

34. As a result of his wrongful termination in violation of public policy, Plaintiff has been damaged in the manner and to the extent hereinabove described.

## COUNT III: Violation of R.C. 4113.52

35. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

36. R.C. 4113.52(B) prohibits employers from taking any disciplinary or retaliatory action against an employee for making any report alleging a violation of state or federal law that the employer has the authority to correct.

37. Plaintiff orally notified his supervisors that he reasonably believed that fraudulent activities had been and were being committed on behalf of Defendant that were not only criminal in nature but were also an imminent threat to patient safety.

38. Further, Plaintiff submitted a written account that provided sufficient detail to identify and describe the violations that had occurred, and the individuals suspected to be responsible.

39. Plaintiff was subsequently terminated in retaliation for these reports, which were protected activity under R.C. 4113.52.

40. Defendant's actions were a deliberate violation of R.C. 4113.52.

41. As a result of Defendant's wrongful discharge, Plaintiff has suffered losses in the form of the loss of his employment, lost wages, attorneys' fees and costs.

**COUNT IV: Wrongful Termination in Violation of Public Policy**

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

43. R.C. 4113.52(A) sets forth a clear public policy prohibiting employment termination for reporting, in good faith, violations of law that employers have the ability to correct.

44. Plaintiff strictly complied with the statute in making the reports hereinabove identified.

45. Defendant's wrongful discharge of Plaintiff jeopardized the clear public policy set forth in R.C. 4113.52.

46. Defendant lacked an overriding business justification for firing Plaintiff.

47. As a result of his wrongful termination in violation of public policy, Plaintiff has been damaged in the manner and to the extent hereinabove described.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For reinstatement and an award of all lost backpay and benefits;

2. If reinstatement is deemed inappropriate, for an award of front pay and benefits;

3. For compensatory and punitive damages in amounts to be determined at trial;

4. For an award of pre- and post-judgment interest;

5. For reasonable attorneys' fees and costs incurred in the prosecution of this action; and

6. For all other and further relief the Court determines to be just and equitable.

*/s/ Stephen E. Imm*
Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

*/s/ Stephen E. Imm*
Stephen E. Imm (0040068)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of August, 2024, a copy of the foregoing was filed with the Court's CM/ECF system which will send notice of the same to all registered users of that system, including the following:

Rick L. Brunner (0012998)
Email: rlb@brunnerlaw.com
Patrick M. Quinn (0081692)
Email: pmq@brunnerlaw.com
Hannah Fard (0103586)

7

Email: hf@brunnerlaw.com
BRUNNER QUINN
5001 Horizons Drive, Suite 209
Columbus, Ohio 43220
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
*Attorneys for Defendant Community Home Health Care, Inc.*

                                          */s/ Stephen E. Imm*
                                          Stephen E. Imm (0040068)